IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,308-01






EX PARTE ERIC LEE GRIFFIN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 701072 IN THE 177th JUDICIAL DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of robbery and
sentenced to 15 years' imprisonment.

 Applicant contends that his counsel rendered ineffective assistance because counsel failed
to fully advise Applicant of his right to appeal. Applicant pled guilty pursuant to a plea bargain and
so he waived his right to appeal except as to those matters that were raised by written motion filed
and ruled on before trial or after getting the trial court's permission to appeal. Tex. R. App. P. 25.2.
Applicant asserts that but for counsel's failure to advise him of his right to appeal, he would have
been able to appeal two pre-trial motions, a motion to suppress evidence and a motion to suppress
identification, which he alleges were adversely ruled upon by the trial court before he entered his
guilty plea.

 Applicant has alleged facts that, if true, might entitle him to relief. Ex parte Axel, 757
S.W.2d 369 (Tex. Crim. App. 1988). In these circumstances, additional facts are needed. As we
held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the
appropriate forum for findings of fact. The trial court shall provide counsel with another opportunity
to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court
may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant was denied his right to a
meaningful appeal because he was not advised of his right to appeal adverse pre-trial rulings and the
need to timely file a notice of appeal in order to exercise that right. The trial court shall also make
any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: September 10, 2008

Do not publish